UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES SARFF, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-3153 |
| | ) | |
| FARMCO, LLC and ARMTECH | ) | |
| INSURANCE SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

This cause is before the Court on Plaintiff James Sarff, Jr.'s Motion to Dismiss Count V pursuant to Federal Rule of Civil Procedure 41(a)(2) (d/e 8). For the reasons that follow, the Motion is DENIED WITH LEAVE TO REFILE.

I. BACKGROUND

In April 2011, Plaintiff filed a five count Complaint in state court. Counts I and II asserted negligence and negligent misrepresentation claims, respectively, against Defendant Farmco, LLC. (Farmco). Counts III and IV asserted vicarious liability claims against Defendant Armtech Insurance Services, Inc. (Armtech). Count V sought a declaratory judgment against Defendant Armtech.

In May 2011, Defendants removed the action to federal court on the basis of diversity jurisdiction (see 28 U.S.C. §1332).  In July 2011, Defendants filed Answers and Affirmative Defenses.

On July 21, 2011, Plaintiff filed a Motion to Dismiss Count V of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2).  Defendants have not responded.

## II.  ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff can voluntarily dismiss his lawsuit without a court order in two circumstances: (1) when the notice of dismissal is filed before the opposing party serves either an answer or a motion for summary judgment; or (2) when the plaintiff files a stipulation of dismissal signed by all parties who have appeared.  See Fed.R.Civ.P. 41(a)(1)(A)(i), (a)(1)(A)(ii).   Where, as here, the opposing party has served an answer, a court order is needed before a plaintiff can voluntarily dismiss his lawsuit.  Rule 41(a)(2) provides, in relevant part, as follows:

> Except as provided in Rule 41(a)(1), an action
> may be dismissed at the plaintiff's request only by
> court order, on terms that the court considers
> proper.

Most courts interpret Rule 41(a) as allowing dismissal of entire actions, not one of several claims against a defendant.  See Berthold

<u>Types Ltd. v. Adobe Sys. Inc.</u>, 242 F.3d 772, 776 (7th Cir. 2001) (noting that Rule 41(a)(1)(i) speaks in terms of dismissing an action, not a claim); <u>Loutfy v. R.R. Donnelley & Sons, Co.</u>, 148 F.R.D. 599, 601 (N.D. Ill. 1993) (holding that a motion to voluntarily dismiss the federal claim was more properly treated as an amendment under Rule 15(a) and not a dismissal under Rule 41(a)(2)); <u>Becker v. Fitzgerald</u>, 1995 WL 215143 (N.D. Ill. 1995) (concluding that Rule 41(a) only allows for voluntary dismissal of an entire action, in contrast with Rule 41(b) which allows a defendant to move for involuntary dismissal of "an action or of any claim"); <u>but</u> <u>see</u> <u>Cottrell v. Village of Wilmette</u>, 1994 WL 63018 (N. D. Ill. 1994) (granting the plaintiff's motion to dismiss one count pursuant to Rule 41(a)(2) and remanding the remaining counts to state court).

Most recently, in <u>Gatling v. Nickel</u>, __ F.R.D. ___, 2011 WL 2579944 (E. D. Wis. 2011), the district court dismissed individual claims–but not the entire action–pursuant to a stipulation of the parties under Rule 41(a)(2). The <u>Gatling</u> court noted the general consensus that Rule 41(a) provides for the voluntary dismissal of an action as opposed to

individual claims.  <u>Gatling</u>, ___ F.R.D. at __, 2011 WL 2579944 at *1.

However, the court further stated:

> On the other hand, it should be noted that Rule
> 41(b), which allows a defendant to move for
> involuntary dismissal, permits the movant to
> request and the court to grant dismissal of the
> entire action, or particular claims.  Fed.R.Civ.P.
> 41(b).  While certain cases have read this
> dichotomy to indicate that Rule 41(a) thus does
> not permit dismissal of individual claims, else it
> would so state, <u>see</u> <u>Hells Canyon Preservation</u>
> <u>Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 n.
> 7 (9th Cir. 2005), it does show that Rule 41
> contemplates, more generally, a court's power to
> dismiss individual claims. Further, the cases which
> prohibit dismissal of individual claims under Rule
> 41(a) have tended to do so in an adversarial
> context, that is for example, the defendant
> opposed dismissal or the plaintiff attempted to
> characterize a dismissal as voluntary on appeal.  It
> would seem needlessly constraining, where Rule 41
> otherwise contemplates dismissal of individual
> claims, to prohibit the dismissal of individual
> claims under Rule 41(a) where both parties have
> stipulated to such. Thus, the court is satisfied that
> it has the power to enter an order in this situation.

<u>Gatling</u>, ___ F.R.D. at ____, 2011 WL 2579944, at*1.

Although Defendants have not objected to Plaintiff's Motion, the

parties have not filed a stipulation of dismissal either.  Therefore, this

Court does not find that the reasoning of <u>Gatling</u> applies.

Rule 41(a)(2) permits the dismissal of an action, not individual claims. Rather than construe Plaintiff's Motion as one brought pursuant to Rule 15(a) (<u>see</u>, <u>e.g.</u>, <u>Loutfy</u>, 148 F.R.D. at 602), this Court will deny the Motion with leave to refile pursuant to: (1) Rule 41, with citation to appropriate authority; (2) stipulation of the parties; or (3) Rule 15(a).

## III. CONCLUSION

For the reasons stated, Plaintiff's Motion to Dismiss Count V of Plaintiff's Complaint (d/e 8) is DENIED WITH LEAVE TO REFILE.

ENTER: August 10, 2011

FOR THE COURT:

<u>                  s/Sue E. Myerscough          </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE